## William J. Jenson et al., trading as Regelin, Jenson & Company, Appellants, v. Olivia Nelson, Appellee.

### Gen. No. 22,840.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. R. J. CARNAHAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by William J. Jenson, Max L. Wolff and Elbert N. Manning, copartners, trading as Regelin, Jenson & Company, plaintiffs, against Olivia Nelson, defendant, to recover for a balance claimed to be due from defendant, including a sum for commissions for the sale of real estate. From a judgment for $132.89 in favor of defendant on her set-off, plaintiffs appeal.

ADLER, LEDERER & BECK, for appellants.

DANIEL M. HEALY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1.  BROKERS, § 36*—*when broker fails to procure proper customer.* In an action by real estate brokers to recover commissions, where it appeared that defendant had by written contract given plaintiffs the exclusive agency of the premises for a period of three months at a certain sum, "or at such a less price as we may conclude to accept," and a customer with an offer of a lesser sum was procured but plaintiffs were informed that such offer was not acceptable, and it also appeared that a contract for such lesser amount was drawn up and given to the husband of the defendant, but defendant did not understand until the contract was examined at her home

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that it was for the lesser price, and, upon inquiry as to why the contract was not signed, plaintiffs were informed that it should have been for a larger sum and that no contract would be signed until defendant had closed up another deal upon another piece of property, *held* that plaintiffs had failed to procure a customer which the defendant was obliged to accept, and that under the terms of the contract she was not obliged to accept any customer except at the larger figure.

2. BROKERS, § 84*—*when admission of testimony as to another deal is not prejudicial error.* In an action by real estate brokers to recover commissions, where it appeared that defendant had by written contract given plaintiffs the exclusive agency of the premises for a period of three months at a certain sum, "or at such a less price as we may conclude to accept," and a customer with an offer of a lesser sum was procured but plaintiffs were informed that such offer was not acceptable, and a contract for such amount was drawn up and given to the husband of the defendant, but defendant did not understand until the contract was examined at her home that it was for the lesser price, and, upon inquiry as to why the contract was not signed, plaintiffs were informed that it should have been for a larger sum, and that no contract would be signed until defendant had closed another deal upon another piece of property, *held* that testimony as to the other deal was not parol evidence tending to change the written contract and that the admission of such evidence was not prejudicial error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.